BRENNAN v. GLENNON et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. EVIDENCE—CONFIDENTIAL COMMUNICATIONS—ATTORNEY AND CLIENT.

The fact that an executor is an attorney for a claimant against the estate of his testator in matters other than those concerning the claim does not render him incompetent to testify against the claimant as to what he said to him when the claim was presented to him.

2. CONTRACTS—USURY—EVIDENCE.

An agreement wherein the proprietor of a business gives a $10,000 interest therein to an employé, to be paid to him on the termination of the business, and agrees to pay 25 per cent. interest on the $10,000, which is to be paid in quarterly payments, in full satisfaction of earnings and interest on the $10,000 interest, but, in case the employé leaves the employment, the 25 per cent. interest should cease, is not usurious.

Appeal from trial term, New York county.

Action by Edward Brennan against Michael L. Glennon and another, executors of the estate of Bridget McCabe, deceased. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Christian G. Moritz, for appellants.
Austen G. Fox, for respondent.

VAN BRUNT, P. J. The action was brought upon an account alleged to have been stated between the plaintiff's assignor, Catharine Donovan, and the defendants, as executors of one Bridget McCabe. The answer denied the account stated and any promise of payment, and set up a counterclaim, alleging that, at the time of the death of Bridget McCabe, the plaintiff's assignor, Catharine Donovan, was indebted to her in a considerable sum of money under a contract between the said Cartharine Donovan and Bridget McCabe. Upon the trial of the action, it appeared that the defendant Hoyt, who was one of the executors of Bridget McCabe, had been the attorney of Catharine Donovan, and had still in his hands some matters in reference to an old judgment, but that he had done no new business whatever with her for a considerable period of time. It appeared that, upon the presentation of the claim of Catharine Donovan to Hoyt, as executor, a certain conversation took place between himself and her, and this conversation was excluded, upon the ground that the relation of attorney and client existed, and that he could not divulge the communications made to him by her. It appears clearly that in reference to this claim the relation of attorney and client did not exist, and that Donovan and Hoyt were dealing at arm's length. She knew that he was

representing the estate, and not representing her. There is no pretense that she employed him in reference to this claim, or that he had given up the duty imposed upon him as executor of protecting the estate by accepting retainers from clients who had claims to present against the estate. The foundation of the claim in respect to an account stated depends largely upon the fact that there was an implied promise to pay, because nothing was said in reference to this claim. It is perfectly clear that, if the silence of the executor is to bind the estate, his mouth cannot be shut, when he would speak, by the claim that the relation of attorney and client existed between him and a claimant against the estate which he is bound to represent. The result of the position taken by the plaintiff would be that if the executor had absolutely rejected this claim, and had given Catharine Donovan notice of that fact by telling her that he had rejected it and would not allow it, it became an account stated, because he had been her attorney and could not open his mouth.' No such rule can possibly prevail. We think, therefore, that it was error not to allow the defendant Hoyt to testify as to his conversation with Catharine Donovan in respect to this claim.

We think, also, that the court erred in holding that the agreement between Donovan and McCabe was usurious. Bridget McCabe was an employé of Catharine Donovan, and, as it seems, had been with her a considerable number of years. On the 21st of February, 1888, by an instrument under seal, a $10,000 interest in Catharine Donovan's business was given to Bridget McCabe, which $10,000 was to remain in the business for so long a period as she (Catharine Donovan) should carry on the same, and at the termination thereof said $10,000 was to be paid to said Bridget McCabe from the business. The instrument then went on, and contained an agreement upon the part of Catharine Donovan to pay Bridget McCabe 25 per cent. interest on said $10,000 interest in quarterly payments, at the end of each quarter, which said interest was to be in full satisfaction of all earnings and interest on said $10,000 interest, but, in case Bridget McCabe left the employment of Catharine Donovan, the 25 per cent. interest should cease. It is clear that this 25 per cent. on the $10,000 was to be a compensation for the services of Bridget McCabe in addition to the use of the money. It was to cease the moment she left the employ of Catharine Donovan, and in the contract she agreed to remain in such employ, and did so remain until she died. The 25 per cent. was not paid for the forbearance of any sum of money. The $10,000 could not possibly become due until the termination of the business, and she was to remain in the employment of Donovan during that period, and it was for such services and the use of the $10,000 that she was to receive the $2,500 a year.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

All concur; INGRAHAM, J., on first ground.